## DISCIPLINARY DOCKET

**90-1704.** Toledo Bar Assn. v. Westmeyer. On March 6, 1991, this court

ordered the respondent, Joseph W. Westmeyer, Jr., suspended from the practice of law for a period of one year pursuant to Gov. Bar R. V(7)(c). See 58 Ohio St. 3d 38, 567 N.E. 2d 1016.

On March 22, 1991, the court granted respondent's motion for stay of imposition of suspension until June 15, 1991. See 58 Ohio St. 3d 716, 570 N.E. 2d 283. On April 2, 1991, relator filed a motion to find respondent in contempt for alleged violations of the court's order of March 22, 1991, and attached to its motion an affidavit in support. Upon consideration thereof,

IT IS ORDERED by the court that the motion for contempt be, and hereby is, denied. However, inasmuch as the court's stay of the previously ordered suspension was a matter of grace, and given the nature of the allegations of relator's motion for contempt and the attached affidavit,

IT IS FURTHER ORDERED that the stay of suspension issued by the court on March 22, 1991, is hereby withdrawn, effective immediately.

IT IS FURTHER ORDERED that the allegations in relator's motion for contempt and the attached affidavit be, and hereby are, referred to the Toledo Bar Association for investigation under Gov. Bar R. V.

IT IS FURTHER ORDERED that the respondent immediately cease and desist from the practice of law in any form and is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency or other public authority.

IT IS FURTHER ORDERED that, effective immediately, respondent is forbidden to counsel or advise or prepare legal instruments for others or in any manner perform such services.

IT IS FURTHER ORDERED that respondent is hereby divested of each, any and all of the rights, privileges and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

IT IS FURTHER ORDERED that respondent forthwith surrender his certificate of admission to practice to the Clerk of this court and that his name be stricken from the roll of attorneys maintained by this court.

IT IS FURTHER ORDERED that, pursuant to Gov. Bar R. X(3)(F), respondent shall complete one credit hour of continuing legal education for each month, or portion of a month of the suspension.

IT IS FURTHER ORDERED that respondent shall not be reinstated to the practice of law in Ohio until respondent complies with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar and this court orders respondent reinstated.

IT IS FURTHER ORDERED that on or before May 25, 1991, respondent shall:

1. Notify all clients being represented in pending matters and any co-counsel of his suspension and his consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in his place;

2. Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in the possession or control of respondent;

4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties, of his disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

5. Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

6. File with the Clerk of this court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with

this order, showing proof of service of notices required herein, and setting forth the address where the affiant may receive communications; and

7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

IT IS FURTHER ORDERED that respondent forthwith surrender his attorney registration card for the 1989-1991 biennium.

IT IS FURTHER ORDERED that respondent shall keep the Clerk and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov. Bar R. V(22).

Moyer, C.J., Sweeney, Holmes, Douglas, Wright and H. Brown, JJ., concur.

Resnick, J., not participating.